IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JERRY STEVENS WADDELL, JR. by
and through the duly appointed guardian
and conservator for JERRY STEVENS
WADDELL, JR., MISTY DAWN WADDELL

    Plaintiff,

v.                                    CASE NO.: CV2012-_____

ARCTIC CAT, INC.;
ARCTIC CAT PRODUCTION SUPPORT, LLC;
ARCTIC CAT PRODUCTION LLC;
ARCTIC CAT SALES, INC.; and
ARCTIC CAT SHARED SERVICES, LLC,

**No. 1**, whether singular or plural, that entity or those entities which developed and/or manufactured the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 2**, whether singular or plural, that entity or those entities which marketed, distributed, or sold the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 3**, whether singular or plural, that entity or those entities which advertised the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 4**, whether singular or plural, that entity or those entities which had any role in the distributive chain of the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 5**, whether singular or plural, that entity or those entities which were merchants or seller with respect to the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 6**, whether singular or plural, that entity or those entities which issued any warranty, express or implied, with respect to the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 7**, whether singular or plural, that entity or those entities which selected the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint for the particular purpose for which it was required or used;

**No. 8**, whether singular or plural, that entity or those entities which made any promise or affirmation of fact relating to the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 9**, whether singular or plural, that entity or those entities which issued any description of goods or samples with respect to the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 10**, whether singular or plural, that entity or those entities which were merchants or sellers of the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint and which impliedly warranted that said all terrain vehicle was merchantable;

**No. 11**, whether singular or plural, that entity or those entities which were sellers of the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint and which impliedly warranted that said Arctic Cat Prowler was fit for the particular purpose for which it was required;

**No. 12**, whether singular or plural, that entity or those entities which provided information referable to the quality, worthiness or fitness of the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 13**, whether singular or plural, that entity or those entities whose breach of warranty was a proximate cause of Plaintiff's injuries;

**No. 14**, whether singular or plural, that entity or those entities which failed to warn or issued inadequate warnings with references to the danger associated with the use of the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint or similar products;

**No. 15**, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries on the occasions made the basis of this suit;

**No. 16**, whether singular or plural, that entity which, concerning the occasions made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

**No. 17**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the Arctic Cat Prowler involved in the occurrence made the basis of this lawsuit;

**No. 18**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the Arctic Cat Prowler involved in the occurrence made the basis of this lawsuit;

**No. 19**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of the Arctic Cat Prowler involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 20**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

**No. 21**, whether singular or plural, that entity or those entities which developed and/or manufactured any component parts of the Arctic Cat Prowler involved in the occurrence made the basis of the Plaintiff's complaint;

**No. 22**, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities of the entities described above;

**No. 23**, whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above.

(Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.)

Defendants.

## COMPLAINT

1. Plaintiff, **Jerry Stevens Waddell, Jr.,** an incapacitated adult, who brings this suit by and through his wife and duly appointed guardian and conservator, **MISTY DAWN WADDELL.** Both are residents of Morgan County, Alabama.

2. Defendant, **Arctic Cat, Inc.; Arctic Cat Production, LLC; Arctic Cat Production Support, LLC; Arctic Cat Sales, Inc.; and Arctic Cat Shared Services, LLC (hereinafter collectively referred to as "Arctic Cat")** were and are Minnesota corporations and/or LLCs organized under the laws of the State of Minnesota with their principal place of business in Minnesota, which does business throughout the State of Alabama.

3. **Fictitious party Defendants Nos. 1 through 23** are the individuals and/or entities who or which caused or contributed to Plaintiff's damages and injuries described herein. The contents of the style of the complaint designating fictitious party Defendants A through Z are hereby incorporated by reference as if set out more fully herein. Fictitious party practice is permitted pursuant to *Gaines v. Choctaw County Com's* 242 F.Supp 2d 1153, 1166 (S.D. Ala. 2003)

4. Unless otherwise noted, "Defendants" as used herein, it is meant to refer to all real and fictitious defendants described in the style of this Complaint.

5. The incidents made the basis of this suit occurred in the Northern District of Alabama, Northeastern Division.

6. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over the parties and the subject matter of this cause of action. The matter in controversy exceeds, exclusive of costs, the sum of Seventy-Five Thousand ($75,000) Dollars.

7. The Defendants transact and engage in business in the State of Alabama, regularly do business in this State, solicit business in this State, engage in a persistent course of conduct in this State and further derive substantial revenue from goods used or consumed or services rendered in this State. The Defendants have purposefully acted to obtain benefits and privileges in the State of Alabama and have further purposely availed themselves of the privileges of conducting business within the State of Alabama including, but not limited to, the following:

   a. That the Defendants sell, distribute and market their products through a network of associated dealers throughout Alabama, the United States of America, Canada and Europe.

   b. That, upon information and belief, as part of the dealership arrangement with their Alabama dealers, the Defendants engage in co-op advertising and match dollar for dollar all monies said dealers spend on certain advertising in the local Alabama market. As such, the Defendants routinely spend advertising money in the State of Alabama to market their products and services.

c.  The Defendants further engage in direct advertising including website advertising which often directs individuals to dealers in Alabama through the dealer locater tab located on their corporate website. Further, the Defendants run national advertisements which are shown, played and/or distributed in Alabama for the purpose of directing individuals to dealers in Alabama and making sales in Alabama.

d.  The Defendants further provide brochures, promotional and point of purchase materials, including promotional kits, for purposes of marketing and selling their products in the State of Alabama.

e.  The Defendants further provide financing for the products through their "Cat Credit Program" and warranties through their "Cat Care Program" through their Alabama dealers in the State of Alabama. Said contracts and services rendered subject to those programs are reasonably expected to be performed in Alabama.

8.  Those at all times mentioned herein, the Defendants designed, manufactured, and sold utility terrain vehicles or side by side vehicles, to wit: an Arctic Cat Prowler 1000iXTZ. Said vehicle came to rest in Morgan County, Alabama, as said vehicle was purchased new from a local Arctic Cat dealer by Marcus Keith Chavers in Morgan County, Alabama for recreational purposes.

9.  On or about February 26, 2012, Jerry Stevens Waddell, Jr. was a passenger in an Arctic Cat Prowler 1000iXTZ, which was being operated by another individual in Morgan County, Alabama.

10. While riding in the Arctic Cat Prowler, the driver lost control and the Prowler rolled over.

11. When the Arctic Cat Prowler rolled over, the rollover protection system failed.

12. The Arctic Cat Prowler is a recreational vehicle intended to be operated off of public roads.

13. The hardware securing the rollover protective structure on the Arctic Cat Prowler was not adequate to provide an effective rollover protection system.

14. The hardware securing the rollover protective structure did not meet industry standards.

15. The hardware securing the rollover protective structure did not meet defendant Arctic Cats' standards.

16. As a proximate result of the rollover protective systems failure, Jerry Stevens Waddell, Jr. has sustained multiple head and facial injuries as well as traumatic brain injuries.

17. These injuries are grave and permanent in nature and will forever impair his cognitive ability, judgment, reasoning and decision-making.

18. Plaintiff alleges that his injuries and damages were caused as a proximate consequence of the negligent, breach of warranty, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the Defendants as herein described.

19. The aforesaid negligent, wanton or other wrongful conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, Jerry Stevens Waddell, Jr. was injured and damaged as follows:

    (a) He was caused to suffer head and facial injury as well as a traumatic brain injury, which required extensive hospitalization;

    (b) He was caused to be permanently injured and scarred;

(c) He was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in and about an effort to heal and cure his injuries;

(d) He was caused and will be caused in the future to suffer great physical pain and mental anguish as a result of his injuries; and

(e) He suffered lost wages and lost earning capacity.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

20. Plaintiff realleges and adopts all of the foregoing paragraphs of the Complaint as if more fully set out herein.

21. Upon information and belief, Defendants manufactured the subject Artic Cat Prowler.

22. At the aforesaid time and place, and for sometime prior thereto, the Defendants were engaged in the business of designing, manufacturing, selling and or distributing the product throughout the United States, including the State of Alabama, for use by certain members of the general public. Said Defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff, Jerry Stevens Waddell, Jr.

23. At said time and place, said product, which was in substantially the same condition as when manufactured, sold and/or distributed, was being used in a manner that was foreseeable. The product was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. Said Defendants knew, or in the exercise of reasonable care should have known, that said product was unreasonably dangerous to the human body when being so used in a foreseeable manner.

24. The foregoing wrongful conduct of Defendants was a proximate cause of Plaintiff's injuries and damages and renders Defendants liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, separately and severally, for compensatory and all legally recoverable damages in an amount the jury deems fit and just under the circumstances, together with costs as allowed by law. Plaintiff demands such other and further relief as to the jury deems proper and just.

## COUNT II NEGLIGENCE

25. Plaintiff realleges and adopts all of the foregoing paragraphs of the Complaint as if more fully set out herein.

26. The Defendants negligently or wantonly designed, manufactured, sold and/or distributed the product involved in the occurrence made the basis of Plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of Plaintiff's injuries and damages hereinafter described.

27. The Defendants negligently or wantonly failed to warn Plaintiff of the dangers associated with the use of the aforesaid product in the absence of certain safety procedures being used for the purpose of eliminating the possibility of said product injuring the Plaintiff, and said negligent or wanton conduct was a proximate cause of Jerry Stevens Waddell's injuries and damages hereinafter described.

28. The foregoing negligent conduct of Defendants was a proximate cause of Plaintiff's injuries and damages set forth herein and renders Defendants liable to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, separately and severally, for compensatory all legally recoverable damages in

an amount the jury deems fit and just under the circumstances, together with costs as allowed by law. Plaintiff demands such other and further relief as to the jury deems proper and just.

### COUNT III BREACH OF WARRANTY

29. Plaintiff hereby realleges and adopts all of the foregoing paragraphs of the Complaint as if more fully set out herein.

30. Plaintiff brings this action for breach under the theories of the express warranty and implied warranty of merchantability under § 7-2-314, Ala. Code.

31. At all times relevant to the Complaint, Defendants were merchants and a sellers in the business of supplying and selling, among other things, utility terrain vehicles.

32. The Defendants expressly and/or impliedly warranted that the product involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendant breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition.

33. Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said defendant, the Plaintiff was injured and damaged as hereinafter described.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, separately and severally, for compensatory all legally recoverable damages in an amount the jury deems fit and just under the circumstances, together with costs as allowed by law. Plaintiff demands such other and further relief as to the jury deems proper and just.

_____
David J. Hodge  (ASB-4617-171H)
Attorney for Plaintiff

_____
Harvey B. Morris (ASB-4569-R40H)
Attorney for Plaintiff

OF COUNSEL:
Morris, King & Hodge
200 Pratt Avenue, NE
Post Office Box 248
Huntsville, Alabama 35801
Phone: (256) 536-0588
Fax: (256) 533-1504
E-mail: dhodge@alinjurylaw.com

_____
Bingham D. Edwards (ASB-5241-R74B)
Attorney for Plaintiff

OF COUNSEL:
Edwards, Belser & Smith
123 Lee Street, NE, Suite A
Decatur, Alabama 35601

## **JURY DEMAND**

Plaintiff hereby demands a struck jury for the trial of this cause.

_____
David J. Hodge

SERVE DEFENDANTS AS FOLLOWS BY CERTIFIED MAIL:

ARCTIC CAT, INC.
505 N Hwy 169 #1000
Plymouth MN 55441

ARCTIC CAT PRODUCTION SUPPORT, LLC
601 Brooks Ave S
Thief River Falls MN 56701

ARCTIC CAT PRODUCTION LLC
601 Brooks Ave S
Thief River Falls MN 56701

ARCTIC CAT SALES, INC.
601 Brooks Ave S
Thief River Falls MN 56701

ARCTIC CAT SHARED SERVICES, LLC,
601 Brooks Ave S
Thief River Falls MN 56701